WO                                                                                                        **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Reed Cooper, | No. CV 05-3293-PHX-MHM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al. | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendant Arpaio moved to dismiss for lack of exhaustion (Doc. # 11). Plaintiff failed to respond, although he was informed of his rights and obligations to do so (Doc. # 12). The Court will grant the Defendant Arpaio's motion to dismiss.[1]

**I. Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

---

[1] The only remaining Defendant in this action is the Pinal County Sheriff. The Pinal County Sheriff filed a Motion to Dismiss (Doc. # 17) on November 6, 2006.

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Analysis**

In his Complaint, Plaintiff alleged that the Lower Buckeye, Durango, and Estrella Jails (1) served insufficient and spoiled meals, (2) were overcrowded, and (3) were extremely unsanitary. (Doc. #1 at 4-6). For all three claims, Plaintiff averred that while a grievance procedure exists at the jail, he failed to grieve any of his claims (Doc. # 1 at 4-6). Rather, Plaintiff claimed that he was told his complaints were not grievable issues (Id.). The Court required Defendant Maricopa County Sheriff Joseph Arpaio to answer (Doc. # 4).

Defendant Arpaio moved to dismiss for lack of exhaustion, relying upon the affidavit of Sergeant Zelean Tademy, a Hearing Officer for inmate discipline and grievances. Tademy asserts that Plaintiff filed one grievance related to Plaintiff's towels and linens (Tademy Aff. ¶ 13-14, Ex. 1, Doc. # 11). Tademy further attests that there are no grievances on file with regard to meals, overcrowding, or unsanitary conditions at the jails (Id. at ¶ 15).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. # 12). He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence (Id. at 2).

Plaintiff still failed to respond. In failing to respond to the motion, Plaintiff presented nothing to contest Defendant's argument regarding exhaustion, and presented nothing to support his own claim that he was told his complaints did not warrant grievances. As a result, based on the evidence before this Court, Defendant Arpaio has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

///

### III. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility (Doc. # 12). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff was transferred out of the county jail during the course of this litigation and apparently lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED** that Defendant Arpaio's motion to dismiss (Doc. # 11) is **granted**. Defendant Arpaio is dismissed without prejudice for lack of exhaustion or alternately, for failure to respond. [2]

/////

/////

/////

---

[2] Defendant Pinal County Sheriff remains in this action.

DATED this 16th day of November, 2006.

_____
Mary H. Murguia
United States District Judge