WO                                                                                                                          **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Reed Cooper,  )  | No. CV 05-3293-PHX-MHM-MHB |
| Plaintiff,  )  | **ORDER** |
| vs.  )  | |
| Joseph Arpaio, et al.  )  | |
| Defendants.  )  | |

In this civil rights action brought by a former county jail inmate, Defendant Vasquez, the Pinal County Sheriff, moved to dismiss for lack of exhaustion (Doc. # 17).[1] Plaintiff responded and Defendant replied (Doc. ## 21, 23). The Court will deny Defendant's motion without prejudice.

**I.    Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

---

[1] Joseph Arpaio was dismissed from this action on November 20, 2006 (Doc. # 18).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II.     Analysis**

In his Complaint, Plaintiff alleged that the Pinal County Jail was (1) overcrowded, and (2) extremely unsanitary. (Doc. #1 at 5-6).[2] For both claims, Plaintiff averred that while a grievance procedure existed at the jail, he failed to grieve any of his claims (Doc. # 1 at 5-6). Rather, Plaintiff claimed that he was told his complaints were not grievable issues (Id.). The Court required Defendant to answer (Doc. # 4).

Defendant moved to dismiss for lack of exhaustion, relying solely upon the affidavit of Richard Celis, a Grievance Officer for inmate discipline and grievances. Celis attested that Plaintiff failed to file any grievances while in Pinal County custody (Celis Aff. ¶ 6, Ex. 1, Doc. # 17). Celis further elucidated the process through which an inmate must grieve his claims. The first step in the grievance process is "[t]he issue in question must be grievable in nature as set forth in the policy . . . ." (Id. at ¶ 3a). Celis concluded that Plaintiff failed to exhaust his administrative remedies in accordance with Pinal County policy. (Id. at ¶ 7).

Plaintiff responded to Defendant's motion on December 4, 2006 (Doc. # 21). Plaintiff averred that he requested grievance forms, but was told by Pinal County staff that (1) overcrowding and (2) being inside a cell during and after it was sprayed for insects were not grievable issues (Id. at 1). Plaintiff seems to argue there were no "available remedies" and therefore he was not required to exhaust his administrative remedies.

---

[2] Count I of Plaintiff's Complaint solely addressed the Maricopa County Jails while Counts II and III addressed both the Maricopa and Pinal County Jails. Plaintiff's claims regarding conditions at the Durango, Lower Buckeye, and Estrella Jails were dismissed when Defendant Arpaio's Motion to Dismiss was granted (Doc. # 18). As a result, only Counts II and III remain before the Court.

1   While Plaintiff has not specifically named any of the officers who refused his request for grievance forms, the Court finds that Defendant has not met his burden in demonstrating that Plaintiff had an "available" remedy. Defendant's argument focuses solely on the fact that Plaintiff failed to file a single grievance while incarcerated in Pinal County custody. But Plaintiff acknowledges he did not file a single grievance.[3] Plaintiff's argument is based on the fact that he did not have an *available remedy*. Defendant fails to dispute this argument. First, Defendant's affiant concedes in his affidavit that the Pinal County grievance policy precludes grievances as to certain issues. Further, Defendant has failed to provide the Court with a copy of the grievance policy, thereby preventing the Court from determining whether the issues in Plaintiff's Complaint are grievable pursuant to Pinal County policy. Moreover, in his reply, Defendant wholly failed to counter Plaintiff's argument that he was told his issues were not grievable. Plaintiff's argument is, ultimately, supported by Celis' affidavit. Simply put, Defendant concedes that the Pinal County grievance policy contemplates ungrievable issues, Plaintiff claims he was told his issues were not grievable, and Defendant does not contradict that assertion.

Based on (1) the absence of *any* evidence of what precise issues are not grievable pursuant to Pinal County policy, (2) Plaintiff's uncontested claim that overcrowding and unsanitary conditions are not grievable issues, and (3) no evidence as to whether other inmates were able to grieve similar issues during the period of Plaintiff's incarceration, the Court concludes that Defendant has not met his burden in demonstrating a lack of exhaustion. His motion will, therefore, be denied without prejudice.

///

///

///

---

[3] Defendant mischaracterized Plaintiff's argument by claiming that Plaintiff admitted to not exhausting his administrative remedies because the administrative process would be futile (Doc. # 23 at 2-3). Plaintiff's argument is simply that he had no administrative remedies "available" to him, and therefore exhaustion was not required. Brown, 422 F.3d at 934-35.

- 3 -

1    **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 17) is **denied without**
2    **prejudice**.
3    DATED this 4th day of May, 2007.

Mary H. Murguia
United States District Judge